J-S56041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ASH, | : | |
| | : | |
| Appellant | : | No. 220 MDA 2018 |

Appeal from the PCRA Order December 27, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0000126-2012,
CP-40-CR-0000127-2012

BEFORE:  GANTMAN, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　**FILED DECEMBER 12, 2018**

William Ash ("Ash") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546.  Additionally, Ash's court-appointed counsel, Paul Galante, Esquire ("Attorney Galante"), has filed an Application to Withdraw as counsel and an accompanying "no-merit" letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We grant Attorney Galante's Application to Withdraw and affirm the PCRA court's Order.

On October 9, 2014, Ash pled guilty at numerous criminal informations, including to retail theft at CP-40-CR-0000126-2012 ("126-2012") and CP-40-CR-0000127-2012 ("127-2012"), respectively.  On March 12, 2015, the trial court sentenced Ash to 11 to 30 months in prison at 126-2012, and 11 to 30

months in prison at 127-2012, with the sentences to be served consecutively.[1]

Ash did not file a direct appeal.

On August 2, 2016, Ash filed his first PCRA Petition. The PCRA court appointed Ash counsel. Thereafter, on December 21, 2016 Ash withdrew his first PCRA Petition. On June 15, 2017, Ash filed the instant PCRA Petition, arguing that the trial court improperly classified as a repeat felony offender ("RFEL") in calculating his prior record score at sentencing. The PCRA court appointed Attorney Galante as counsel. Following a hearing, the PCRA court dismissed Ash's second Petition as untimely filed. Ash filed a timely Notice of Appeal.

Prior to addressing Ash's appeal, we must address Attorney Galante's Application to Withdraw. Where counsel seeks to withdraw on collateral appeal, the procedure outlined in **Turner**/**Finley** must be followed. In **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009), our Supreme Court explained that "[i]ndependent review of the record by competent counsel is required before withdrawal is permitted." **Id.** at 876 n.1. Independent review requires the following:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review;

2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

---

[1] On August 1, 2016, Ash filed a Motion to clarify his sentence. The trial court confirmed that it had imposed an aggregate sentence of 22 to 60 months in prison.

3) The PCRA counsel's "explanation," in the "no-merit" letter, of why petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

5) The PCRA court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted). Further, we note that the *Pitts* Court did not expressly overrule the additional requirement imposed by this Court in *Commonwealth v. Friend*, 896 A.2d 607, 615 (Pa. Super. 2006), stating, "[c]ounsel must also send to the petitioner: (1) a copy of the 'no[-]merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, in his *Turner*/*Finley* brief, Attorney Galante described the extent of his review, identified the issues that Ash sought to raise, and explained why the issues lack merit. In addition, Attorney Galante provided Ash with notice of his intention to seek permission to withdraw from representation and a copy of the "no-merit" brief and Application to Withdraw as Counsel, and advised Ash of his rights in lieu of representation.[2] Thus, we conclude that Attorney

---

[2] We note that Attorney Galante did not initially comply with the requirements of *Friend*. However, following an Order from this Court, Attorney Galante has now complied with the *Friend* requirements.

Galante has complied with the requirements necessary to withdraw as counsel. *See Commonwealth v. Karanicolas*, 836 A.2d 940, 947 (Pa. Super. 2003) (stating that substantial compliance with requirements to withdraw as counsel will satisfy the *Turner/Finley* criteria). We now independently review Ash's claims to ascertain whether they lack merit.[3]

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, we note that under the PCRA, any PCRA petition shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

---

[3] Ash did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

Here, because Ash did not file a direct appeal, his judgment of sentence became final on April 13, 2015.[4]  *See* Pa.R.A.P. 903(a).  Thus, Ash's PCRA Petition, filed on June 15, 2017, is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of the three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Ash failed to properly plead and prove any exceptions to the timeliness requirement.  *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005) (stating that it is petitioner's burden to acknowledge that the PCRA  petition under review is untimely and plead and prove that one of the exceptions to the time bar applies).[5]  Thus, the PCRA court properly dismissed the Petition.

---

[4] We note that the thirtieth day after sentencing fell on Saturday, April 11, 2015.  *See* 1 Pa.C.S.A. § 1908 (extending deadline to first non-holiday weekday if final date falls on a weekend or holiday).

[5] Ash's claim regarding the RFEL designation in his prior record score challenges the discretionary aspects of his sentence.  *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa. Super. 2015).  Challenges to the discretionary aspects of a sentence "are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007).  Further, to the extent Ash raises an ineffective assistance of counsel claim, such a claim does not implicate a timeliness exception.  *See Wharton*, 886 A.2d at 1127 (stating that "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA.").

Moreover, our independent review of the record has revealed no meritorious claims that Ash could have raised on appeal, and we agree with Attorney Galante that this appeal lacks merit. Accordingly, we affirm the dismissal of Ash's PCRA Petition and grant Attorney Galante's Application to Withdraw as Counsel.

Application to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2018